UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:  CV - _____

---

THOMAS J. CHARLES,

        Plaintiffs,                    **COMPLAINT**

v.

PENTAGROUP FINANCIAL, LLC

        Defendants.                **JURY TRIAL DEMANDED**

---

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of these Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

## PARTIES

3. Plaintiff Thomas J. Charles, (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Pentagroup Financial, LLC, (hereinafter "Defendant"), is a debt collection agency operating from an address of 3065 Union Road, Orchard

Park, NY 14127 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

5. Sometime prior to November 2006, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt from Household Bank.

6. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

7. During the following months, Defendant began a collection campaign that included numerous telephone calls to Plaintiffs.

### 1st Telephone Communication from Defendant

8. On or about November 2006, Plaintiff received a telephone call from Defendant while Plaintiff was in a nursing home recovering from a hear attack.

9. Defendant's debt collection agent stated, "Why did you even get a credit card if you can't take care of it?"

9. Plaintiff stated to Defendant's debt collection agent that he was not able to take care of the bill because he had just had a heart attack and was in a nursing hom recovering.

10. Defendant's debt collection agent stated, "I don't care, you still have to pay your bills.  You must have sick pay or vacation pay."

11. Plaintiff stated to Defendant that he did not have sick pay or vacation pay. Plaintiff stated to Defendant that his only income was social security.

12. Defendant's debt collection agent stated, "We can come after you. We can garnish you. We can take money from you. I can take your social security. Why do you make bills if you can't pay 'em!"

13. Plaintiff stated to Defendant that he did not intend to have a hear attack.

14. Defendant's debt collection agent stated, "I don't care, you still have to pay your bills!"

15. The tone of Defendant's debt collection agent was abusive, harassing and condescending on the telephone.

16. The conduct of Defendant in harassing Plaintiff in an effort to collect the alleged debt by engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692f, amongst others.

## 2nd Telephone Communication from Defendant

17. On or about December 2006, Plaintiff received a second telephone call from Defendant while Plaintiff was in a nursing home recovering from a hear attack.

18. Defendant's debt collection agent stated, "I haven't heard from you or your sister about paying this debt."

19. Plaintiff stated that he had contacted his sister but that she must have not had an opportunity to call Defendant.

20. Defendant's debt collection agent stated, "Don't lie to me, I know that neither of you are going to call me!"

21. The tone of Defendant's debt collection agent was abusive, harassing and condescending on the telephone.

22. The conduct of Defendant in harassing Plaintiff in an effort to collect the alleged debt by engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692f, amongst others.

*Summary*

23. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home.

**TRIAL BY JURY**

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

26. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27. As a result of Defendant's foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant.

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though fully stated herein.

29. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

30. Defendant intentionally caused harm to Plaintiff's emotional well being by

engaging in highly offensive conduct in the course of collecting a debt thereby invading and intruding upon Plaintiff's right to privacy.

31. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and or private concerns or affairs.

32. The intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

- an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

- such other and further relief as may be just and proper.

Dated:  March 21, 2007   **SCRIMSHIRE, MARTINEAU, GONKO  
                          VAVRECK, PLLC**


 s/ Mark L. Vavreck
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street
Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:  (612) 659-9220

**ATTORNEY FOR PLAINTIFF**